1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 7/17/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERNEST A. FLORES,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL CHERTOFF,  SECRETARY, U.S.<br>DEPARTMENT OF HOMELAND SECURITY,<br><br>                    Defendant. | Case Number C 05-5215 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR<br>SUMMARY JUDGMENT<br><br>[re. docket no. 48] |

   This action arises from alleged discrimination on the basis of race, national origin, and age suffered by Plaintiff Ernest Flores while employed by the Department of Homeland Security ("DHS") and its predecessor agencies since 1987.  Defendant Michael Chertoff, Secretary of DHS ("the Secretary"), moves for summary judgment.  For the reasons discussed below, the motion will be granted.

## I.  BACKGROUND

   On November 16, 2000, Plaintiff, proceeding *pro se*, filed the initial complaint in *Flores v. Ashcroft*, Case No. C 00-21168 JF ("*Flores I*")*.*  Cormier Decl. Ex. 1.  Plaintiff alleged that the

---

   [1]  This disposition is not designated for publication and may not be cited.

1  Immigration and Naturalization Service had failed to promote him on four separate occasions

2  because of his race and national origin, in retaliation for his prior EEO activity, or both.  This

3  complaint was based upon allegations made by Plaintiff in EEO complaints filed in 1995, 1996,

4  1998, and 2000.  On September 17, 2001, this Court granted summary judgment in favor of

5  Defendant, on the ground that Plaintiff's claims were time-barred because the complaint was

6  filed more than ninety days after receipt of notice of final action by the agency.[2]

7      On September 23, 2002, Plaintiff filed EEO complaint number I-03-W043 ("the 2002

8  EEO Complaint").  Cormier Decl. Ex. 11.[3]  In that complaint, Plaintiff alleged that he had "been

9  denied the opportunity to promote into the positions of Immigration Agent or Special Agent

10  because of the Hiring Officials [sic] exclusive use of the TAPS test as a basis to hire into these

11  positions."  *Id.*  Plaintiff also alleged that "the hiring Officials [sic] act of exclusively utilizing

12  the TAPS test has created a disparate impact towards me.  Furthermore, the Upward Mobility

13  Test mirrors the TAPS test, which is also a contributory factor of adverse impact."  *Id.*  Plaintiff

14  did not describe any acts of reprisal in the written portion of his complaint, but indicated on the

15  front of his complaint that he also wished to complain of reprisal.  *Id.*  On February 19, 2004, the

16  EEOC issued a decision without a hearing denying Plaintiff's complaint.  Flores Decl. Ex. 30.

17  The Administrative Law Judge concluded that Flores could not establish a prima facie case of

18  discrimination because his age disqualified him from the position that he sought, that too much

19  time had elapsed between the matters about which Plaintiff complained and his earlier EEO

20  activity for there to be a viable retaliation claim, and that the agency had provided non-

21  discriminatory and legally sufficient reasons for its actions that Plaintiff did not rebut or discredit

22  by a showing of pretext.  *Id.*  On September 20, 2005, the Secretary issued a final decision

23  denying the 2002 EEO Complaint.  Flores Decl. Ex. 24.

24  ───────────────

25      [2] The Secretary requests that the Court take judicial notice of the order granting summary

26  judgment in *Flores I.*  That request will be granted.

27      [3] Plaintiff states that he filed this complaint in August 2002.  However, it appears that

28  while Plaintiff's first contact with the EEO regarding the complaint occurred in August, it
    actually was filed in September.

Case No. C 05-5215 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC1)

1    On June 29, 2005, Plaintiff filed EEO complaint number ICE-05-W300 ("the 2005 EEO

2    Complaint").  West Decl. Ex. A.  Plaintiff alleged race and national origin discrimination, age

3    discrimination, and retaliation.  Plaintiff claimed that he was denied training from January 2004

4    to May 2005, and that on or about May 17, 2005, he was denied equal consideration with other

5    applicants, denied an interview, and denied promotion to the position of Entry Level GS-1811

6    Special Agent.  *Id.*  Plaintiff also claimed that he was "exempt from the age restriction and . . .

7    eligible to compete and have reinstatement rights for open 6c Covered Law Enforcement

8    positions."  *Id.*  On December 16, 2005, Plaintiff, proceeding *pro se*, filed the initial complaint in

9    the instant action, *Flores v. Chertoff*, Case No. C 05-5215 JF (*Flores II*).  On July 11, 2006, the

10   Secretary issued a final decision denying Plaintiff's EEO complaint, concluding that the factual

11   allegations made in that complaint were the same as those made in the instant action.  Flores

12   Decl. Ex. 33.

13    On April 14, 2006, Plaintiff filed the operative first amended complaint in this Court.

14   That pleading names the Secretary as the sole defendant and asserts claims for: (1) employment

15   discrimination based on race and/or national origin (disparate impact); (2) employment

16   discrimination based on race and/or national original (disparate treatment); (3) retaliation; and (4)

17   employment discrimination based on age.  On May 25, 2006, the Secretary answered the

18   complaint.  On April 27, 2007, the Secretary moved for summary judgment on the grounds that

19   res judicata bars a portion of Plaintiff's claims, that Plaintiff has failed to exhaust other portions

20   of his claims, and that Plaintiff cannot prove that the actions taken were motivated by

21   discrimination or retaliation.  On May 9, 2007, Plaintiff moved to vacate the hearing date in light

22   of the pendency of his previously-filed motion to compel discovery.  On May 15, 2007, the Court

23   denied that motion and set a briefing schedule for the opposition and reply, with which the

24   parties complied.[4]   The Court stated that it would not rule on the instant motion until the

25   discovery motion had been resolved by Magistrate Judge Trumbull.  Plaintiff failed to appear at

26

27    [4]  Plaintiff filed a timely opposition on May 18, 2007, and a corrected version on May 29,
2007, that incorporated a few minor edits.  The Court has considered the corrected version in
28   resolving this motion.

3

1   the hearing on June 1, 2007.  On June 20, 2007, the Secretary filed a letter confirming the

2   agreements among the parties as to how to resolve the motion to compel.  In light of that

3   resolution of the discovery motion and because the discovery anticipated in that letter will not

4   affect the Court's resolution of the instant motion, the Court concludes that it now should rule on

5   the instant motion.

6                                    **II. LEGAL STANDARD**

7   1.   Claim Preclusion

8          Under the doctrine of res judicata, also known as claim preclusion, a valid final judgment

9   on the merits of an action bars the parties or their privies from later asserting claims that were or

10  could have been raised in the earlier action.  *Riven v. Regions Bank of Louisiana*, 522 U.S. 470,

11  476 (1998).  The phrase "were or could have been raised" refers to "legal theories arising out of

12  the same transactional nucleus of facts, rather than to distinct causes of action."  *Hells Canyon*

13  *Preservation Council v. United States Forest Service*, 403 F.3d 683, 686 n.2 (2005).  The Ninth

14  Circuit has made clear that the doctrine does not go so far as to bar *any* claims that could have

15  been joined in the original action, but only those claims arising out of the same facts that were

16  litigated in the original action.  *Id.*

17  2.   Summary Judgment

18         A motion for summary judgment should be granted if there is no genuine issue of

19  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

20  56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

21  the initial burden of informing the Court of the basis for the motion and identifying the portions

22  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

23  demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

24  317, 323 (1986).  If the moving party meets this initial burden, the burden shifts to the non-

25  moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ.

26  P. 56(e); *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party

27  presents evidence from which a reasonable jury, viewing the evidence in the light most favorable

28  to that party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-

                                               4

1   49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

2                                      **III. DISCUSSION**

3   1.      Reassertion of Allegations Included in Prior Action

4        The Secretary argues that the doctrine of res judicata bars the relitigation of claims that

5   were included or should have been included in the prior action brought by Plaintiff in this Court.

6   Plaintiff effectively concedes that *Flores I* has preclusive effect with respect to events occurring

7   between 1995 to 2000. *See* Opposition 13. The Court concludes that *Flores I* has such

8   preclusive effect. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning*

9   *Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (stating that dismissal on statute of limitations

10   grounds is a judgment on the merits). Accordingly, the Secretary is entitled to summary

11   judgment to the extent that racial and national origin discrimination or retaliation claims in

12   *Flores II* are based upon events occurring between 1995 to 2000 that are part of the same nucleus

13   of facts as those at issue in *Flores I*.

14   2.      Allegations of Continued Use of the TAPS/LEOC Test

15        The Secretary argues that the doctrine of res judicata also bars allegations of continued

16   racial or national origin discrimination or retaliation on the basis of continued use of the

17   TAPS/LEOC test.[5] Where a plaintiff is "essentially seeking relief from the same alleged wrongs

18   it unsuccessfully protested before," res judicata applies. *Tahoe-Sierra Preservation Council*, 322

19   F.3d at 1078. Plaintiff appears to argue that the instant action is different from *Flores I* in that

20   this action alleges that "Defendant mainly utilized only the TAPS when it had *other* less

21   discriminatory alternative hiring authorities under the Leuvano Consent Decree available, ***and***

22   that when Defendant did selectively use other methods under the Consent Decree, specifically the

23   Bilingual-Bicultural (BLBC) authority, Defendant used the BLBC to hire only Caucasians [sic]

24   males." Opposition 9 (emphases in original). This distinction is insufficient to avoid the

25   preclusive effect of *Flores I*, as, fundamentally, Plaintiff complains of the same allegedly

26

27        [5] The Secretary describes TAPS/LEOC as follows: TAPS stands for "Telephone
Application Processing System" and LEOC stands for "Law Enforcement Officer Corps." TAPS

28   is a method by which to start an application. LEOC is a test that comprises part of the
application process. Motion 4.

1  discriminatory policy as he did in *Flores I*. Even if he did not allege exactly the same

2  misconduct in *Flores I*, Plaintiff does not explain why he could not have brought comparable

3  claims in that action. Accordingly, the Court concludes that the first and second claims for racial

4  and national origin discrimination are barred by the doctrine of res judicata to the extent that they

5  are premised upon the use of TAPS/LEOC.

6  3.     Exhaustion of Administrative Remedies

7         Under Title VII, a plaintiff must exhaust administrative remedies by filing a timely charge

8  with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to

9  investigate the charge. 42 U.S.C. § 2000e-5(b). "The jurisdictional scope of a Title VII

10  claimant's court action depends upon the scope of both the EEOC charge and the EEOC

11  investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990); *see generally B.K.B. v.*

12  *Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (describing exhaustion requirement for

13  district court subject matter jurisdiction over Title VII claims). An individual who believes that

14  he or she has been subjected to actionable discrimination must initiate contact with an EEOC

15  counselor within forty-five days of the alleged discriminatory actions. 29 C.F.R. § 1614.105.

16  Failure to contact an EEOC counselor within the forty-five day period bars suit in federal court.

17  *Girard v. Rubin*, 62 F.3d 1244, 1246 (9th Cir. 1995).[6] When

18         a plaintiff pursues several disparate treatment claims, based on discrete

19

20         [6] This case involved the predecessor regulation, 29 C.F.R. § 1613.214(a)(1)(i), which

21  required contact with an EEOC counselor thirty days of the alleged discrimination. On October
   1, 1992, the regulation was renumbered as 29 C.F.R. § 1614.105 and amended to allow initiation

22  of contact with the EEOC within forty-five days.

23         29 C.F.R. § 1614.105(a)(2) also provides: "The agency or the Commission shall extend
   the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she

24  was not notified of the time limits and was not otherwise aware of them, that he or she did not
   know and reasonably should not have been known that the discriminatory matter or personnel

25  action occurred, that despite due diligence he or she was prevented by circumstances beyond his
   or her control from contacting the counselor within the time limits, or for other reasons

26  considered sufficient by the agency or the Commission." Plaintiff does not argue that he made
   such a showing to the relevant agency or the EEOC. Nor does Plaintiff argue that the forty-five

27  day period should be tolled or otherwise extended. *See Lyons v. England*, 307 F.3d 1092, 1105

28  (9th Cir. 2002) (holding forty-five day deadline constitutes an administrative requirement that,
   like a statute of limitations, is subject to waiver, estoppel, and equitable tolling).

Case No. C 05-5215 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC1)

discriminatory acts, the limitations period will begin to run for each individual claim from the date on which the underlying act occurs.  If a plaintiff chooses to bring separate claims based on each discriminatory act, his assertion that this series of discrete acts flows from a company-wide, or systematic, discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period because the Supreme Court has determined that each incident of discrimination constitutes a separate actionable unlawful employment practice.

*Lyons v. England*, 307 F.3d 1092, 1106-07 (9th Cir. 2002) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).[7]  The instant action involves discrete incidents of alleged discrimination; Plaintiff does not allege a hostile work environment.  Accordingly, Plaintiff may assert only claims arising from conduct that occurred within forty-five days of the first contact with an EEOC counselor regarding the 2002 EEO Complaint and the 2005 EEO Complaint.[8]  Plaintiff does not identify such conduct in opposition to the motion, but it appears that it is limited to the denial of training and a special agent position in May 2005 because of alleged retaliation, age discrimination, and race and national origin discrimination; and the allegedly retaliatory placement of EEO handouts outside Plaintiff's door by Supervisory Special Agent Francisco E. Fernandez ("Fernandez") in May 2005, *see* Flores Decl. ¶¶ 7-10, 81.[9]  The Court has reviewed the record closely and can identify no specific conduct in the relevant period of 2002 that falls outside of the preclusive effect of *Flores I* with respect to the TAPS/LEOC test.  It appears that Plaintiff may have filed a more recent complaint with the EEOC, but he has not exhausted his administrative remedies as to that EEO complaint.

4.      Denial of Promotion and Denial of Training

        Plaintiff alleges that Acting Assistant Special Agent in Charge for the San Jose office of DHS, George Escobar ("Escobar"), denied him a Personal Identification Number ("PIN") for the

---

[7]  A hostile work environment claim will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.  *Lyons*, 307 F.3d at 1105-06 (citing *Morgan*, 536 U.S. 101).

[8]  The date of first contact with an EEO counselor regarding each complaint was August 22, 2002 and May 6, 2005, respectively.

[9]  The alleged denial of promotion and retaliatory conduct occurred after the initial contact by Flores with the EEOC regarding the 2005 EEO Complaint, but before that complaint was filed.

7

1   ongoing Entry Level Special Agent (GS-1811) recruitment for the Immigration and Customs

2   Enforcement ("ICE") Office of Investigations.  Escobar states that he did not give a PIN to

3   Plaintiff because he had a limited number and Plaintiff appeared to be beyond the maximum age

4   for applying to such a position.  Escobar Decl. ¶¶ 4-13.  This is a valid business justification for

5   denial of the PIN.  Even assuming, without deciding, that Plaintiff has established a prima facie

6   case of discrimination, in light of this valid business justification, Plaintiff must identify

7   substantial evidence that the given reason is "a pretext for another motive which is

8   discriminatory."  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).  Plaintiff must

9   "tender a genuine issue of material fact as to pretext in order to avoid summary judgment."  *Id.* at

10  890.  Plaintiff has not done so.  Instead, he offers his personal speculation as to an underlying

11  motive for Escobar's actions.

12      Plaintiff also alleges that unnamed officials knew that he was eligible for re-entry into the

13  GS-1801 Immigration Enforcement Law Enforcement Position, but that they chose not to inform

14  him because of retaliatory and discriminatory motives.  Flores Decl. ¶ 7.[10]  However, Plaintiff

15  supports this allegation with no evidence of discrimination relevant to the period for which he

16  has exhausted his administrative remedies nor explains why such a claim could not have been

17  brought in *Flores I.*

18      Plaintiff also alleges that Escobar and Fernandez have denied him training opportunities

19  because of his race, national origin, age, or prior EEO activity.  However, Fernandez has stated

20  that he denied Plaintiff training that did not relate to his job duties and that he never denied

21  training to Plaintiff for discriminatory reasons.  Fernandez Decl. ¶¶ 4-6.  Escobar states that he

22  does not recall ever denying training to Plaintiff.  Escobar Decl. ¶ 14.  Plaintiff offers no

23

24      [10]  Flores also fails to point to evidence supporting his belief that he was eligible for re-
25  entry within the meaning of that term under the grandfather clause of the relevant policy.  *See*
    Flores Decl. Ex. 4; *see also* Flores Decl. Ex. 25 (Fernandez affidavit, dated, May 23, 2003, in
26  which Fernandez states that Plaintiff was selected for an agent position twice and that in 1995 or
    1996, he failed the required qualification course, and that in 1999, he refused to go to the
27  Academy), Flores Decl. Ex. 26 (affidavit of Mark Riordan, stating that Plaintiff "was never
    actually placed in the Agent position because he could not pass the course, and he remained in
28  his position as Investigative Assistant").

1    evidence that contradicts these declarations or that supports a finding of pretext.

2        Accordingly, the Secretary is entitled to summary judgment to the extent that Plaintiff's

3    claims are based upon alleged discrimination in the denial of promotion or training.

4    5.    Retaliation Claim

5        To establish a prima facie case for retaliation, Plaintiff must show: (1) he engaged in

6    protected activity; (2) the employer subjected him to an adverse employment action; and (3) a

7    causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217

8    F.3d 1234, 1240 (9th Cir. 2000).  Plaintiff offers no evidence of a causal link between the

9    protected activity and the adverse action at issue in this case: the placing of EEO fliers outside

10   his office.  Nor does Plaintiff identify any evidence of retaliatory intent on the part of Fernandez.

11   Instead, the record reflects the fact that Fernandez also had prior EEO activity and that Plaintiff

12   believed that Fernandez did not have retaliatory intent.  *See* Fernandez Decl. ¶ 2; Flores Decl. Ex.

13   34.  Accordingly, the Secretary is entitled to summary judgment as to the retaliation claim.

14   6.    Age Discrimination Claim

15       Plaintiff alleges that he suffered unlawful discrimination when he was denied certain law

16   enforcement positions because of his age.  Because by regulation holders of such law-

17   enforcement positions must retire at the age of fifty-seven, and because such personnel must

18   remain in a covered position for twenty years in order to gain retirement benefits, the age cut-off

19   for such positions is thirty-seven.  This is a valid business reason for the age-based limitation.

20   As with his other claims, Plaintiff fails to meet his burden of identifying specific evidence

21   showing that there is a genuine issue of fact for trial; he provides no explanation why the

22   regulation in question is illegal and conceded at deposition that it is not.  Flores Deposition 66.

23   Plaintiff fails to identify any evidence that the policy was applied in a discriminatory fashion

24   against him as opposed to other applicants.  Accordingly, the Secretary is entitled to summary

25   judgment as to the age discrimination claim.

26

27

28

9

1

**IV. ORDER**

2      Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for summary

3  judgment is GRANTED.[11]

4

5  DATED: 7/17/07

6                                                   _____
                                                    JEREMY FOGEL
7                                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [11]  Because the Court grants the motion for summary judgment, it need not rule on the
Secretary's objections to evidence submitted by Plaintiff in opposition to the motion.

10

1  Copies of Order served on:

2  Claire T. Cormier      claire.cormier@usdoj.gov

3

4  Ernest A. Flores
   Post Office Box 6715
5  San Jose, CA 95150

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-5215 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC1)